**Dkt. No 24-1381**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

_____

**SECURITIES AND EXCHANGE COMMISSION**

v.

**JOSEPH CAMMARATA,**

                     **Defendant-Appellant.**

_____

On Appeal from the Court's Order, ECF# 348 in the United States
District Court for the Eastern District of Pennsylvania,
Case No. 2:21-cv-4845 and Related Case No. 2:21-cr-427
(Chad F. Kenney, J.)

_____

**MOTION TO REQUEST A SUPPLEMENT TO THE ORIGINAL BRIEF TO ACCOMMODATE A NEW CHANGE IN LAW AND THE SECOND DISTRICT COURT'S ORDER BEING APPEALED**

1

**I. Request**

   Mr. Cammarata, the pro se Appellant, comes before this Court with a motion of leave, to allow a simple supplement asking this Court to consider the relevant new change in law as decided by the United States Supreme Court on June 27th, 2024, in Jarkesy v SEC. Additionally, to please allow the review of the second notice of appeal that was filed timely with this Court, on May 29th, 2024 to appeal the district court's denial order (from 21-cv-4845) ECF# 373 and his related memorandum ECF# 372, of Mr. Cammarata's "Motion to Dismiss the SEC's Complaint for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(h)(3) and in the Alternative a Motion for Relief from ECF# 320, Pursuant to Fed. R. Civ. P. 60(b)" filed on February 5th, 2024 as ECF# 353.

**II. Reason for Relief**

   While there will not be a brief necessary for the review of the secondary notice of appeal, Mr. Cammarata respectfully requests that this Court review the change in law brought by the United States Supreme Court on June 27th, 2024, related to the SEC's overzealous enforcement of "securities fraud" while denying the defendant their Seventh Amendment right to a jury trial, as the SEC and district court did in the instant case and orders being appeals. Mr. Cammarata also requests this Court review the denial of the district court's order ECF# 372 and its related memorandum in support ECF# 372. Mr. Cammarata filed notice of appeal for the district court's January 23rd, 2024 Order, ECF# 348, denying the Defendant's January 8th, 2024, "Motion for Recusal or Disqualification of the Judge", on February 21st, 2024 which was docketed in this Court as 24-1381.

   Mr. Cammarata was unaware that two (2) notice of appeals for two (2) independent orders of the same district court would be combined into one docketed case for review in this Court. Mr. Cammarata sent a separate notice of appeal for the district court's, April 2nd, 2024 Order, ECF# 373, denying the Defendant's "Motion to Dismiss the SEC's Complaint for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(h)(3) and in the Alternative a Motion for Relief from ECF# 320 Pursuant to Fed. R. Civ. P. 60(b)" filed on February 5th, 2024, (Mr. Cammarata's 12(h)(3) and 60(b) motion is ECF# 353). That notice of appeal was sent

2

to this Court on May 29th, 2024 and Mr. Cammarata had called several times to see if it was docketed and pay the pay the appeal fee. It was only until after Mr. Cammarata had already submitted his appeal brief for the recusal motion, did he learn from the Clerk of Court's office that when a second notice of appeal, is sent for even a different in the same case, there are combined for judicial efficiencies.

The Clerk of Court's office has been extremely courtesy and helpful for a pro se Appellant who does not have any access to the Federal Rules of Appellate Procedure, and is appreciated. Everyone, including the case manager have been a Godsend, and suggested that a simple motion be filed that requests a brief supplement in this case (24-1381) to request a review of the district court's denial (ECF# 372 & 373) of Mr. Cammarata's motion to dismiss and reconsider (ECF# 353). A full brief, like the original in this case, is not necessary and will likely be only a few paragraphs. The arguments were very clear and well-supported by law in Mr. Cammarata's motion and the district court's denial failed to cite any law or refute any of the agreements advanced.

Mr. Cammarata thanks the Court for its consideration, as he was unaware of the second filing being only an amendment, and he only found out after he had already submitted the brief. He is hoping that he is not precluded, from appealing the other order of the district court, as they are independent appealable orders from independent motions. While, he understands and appreciates the Court's guidance on merging the two, he humbly requests that if this motion is denied to allow a brief supplement, to please review the district court's denial by reviewing the irrefutable and uncontested arguments that the court failed to address.

Respectfully submitted,

/s/ Joseph Cammarata

Joseph Cammarata
MCCI
1 Waterworks Rd
Freehold, NJ 07728

Dated, July 1st, 2024

**Dkt. No 24-1381**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

_____

**SECURITIES AND EXCHANGE COMMISSION**

v.

**JOSEPH CAMMARATA,**

**Defendant-Appellant.**

_____

On Appeal from the Court's Order, ECF# 348 in the United States
District Court for the Eastern District of Pennsylvania,
Case No. 2:21-cv-4845 and Related Case No. 2:21-cr-427
(Chad F. Kenney, J.)

_____

**CERTIFICATION OF APPELLATE SUPPLEMENT BY PRO SE APPELLANT CAMMARATA**

## **Appellant's Certification**

I, Mr. Joseph Cammarata, am a pro se Appellant, submitting this supplement to case number 24-1381. This supplement is merely addressing a relevant change in law by the United States Supreme on June 27th, 2024; and also the second notice of appeal from the district court's order ECF# 373 and its related memorandum. This was an additional appealable order of the court, in which I was unaware that it would be merged into the same appeal docket of 24-1381, before he submitted his brief on the order appealing ECF# 348. This motion for leave and supplement and were deposited in the MCCI's internal mail system on Wednesday, June 26th, 2024, and is deemed to be filed on that date. See, Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (concluding that pleadings are deemed filed on date prisoner relinquishes control over documents). First-class postage is prepaid by way of Forever stamps provided by Appellant.

## **Brief Type-Volume Certification**

This supplement was prepared by Joseph Cammarata, from the Monmouth County Correctional Institution, on the law library computer using Microsoft Word 2016. The typeface is a 12-point, Times New Roman font. I certify, based on the word-counting function, that the supplement, contains 4,700 words including the titles, headings and signature block.

I declare under penalty of perjury that the foregoing is true and correct (see 28 USC 1746; 18 USC 1621).

_____

/s/ Joseph Cammarata

Joseph Cammarata

MCCI
1 Waterworks Road
Freehold, NJ 07728

Signed July 1st, 2024